UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLEN BERNARD GREEN,

       Petitioner,                CASE NO. 06-CV-10898

v.                            HONORABLE ARTHUR J. TARNOW UNITED
                            STATES DISTRICT JUDGE

CAROL HOWES,

       Respondent.

_____/

**OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.**

Glenn Bernard Green, ("Petitioner"), presently confined at the Cooper Street Correctional Facility in Jackson, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for witness intimidation, M.C.L.A. 750.122(7).  Respondent has filed a motion to dismiss, claiming that petitioner has failed to exhaust all of his claims with the state courts.  Petitioner has filed two responses to the motion to dismiss.

*In lieu* of dismissing the petition without prejudice, the Court will stay the proceedings under the terms outlined below to permit petitioner to return to the state courts to exhaust his claims, failing which the petition shall be dismissed.  The Court will also administratively close the case.

**I.  Background**

Petitioner was convicted following a jury trial in the Macomb County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Green,* No. 247395 (Mich.Ct.App. July 8, 2004); *lv. den.* 472 Mich. 877, 693 N.W.2d 819 (2005).

1

*Green v. Howes,* 06-10898

Petitioner now seeks the issuance of a writ of habeas corpus on the following

grounds:

> I. PETITIONER WAS DENIED HIS SIXTH AMENDMENT RIGHT TO THE
> EFFECTIVE ASSISTANCE OF TRIAL COUNSEL DUE TO BY [SIC] HIS
> ATTORNEYS FAILURE TO PRESENT A VIABLE DEFENSE, FAILURE
> TO INVESTIGATE AND PRODUCE ALIBI AND OTHER DEFENSE
> WITNESSES, FAILED TO OBJECT TO PROTECT PETITIONER FROM
> PREJUDICIAL PROSECUTOR STATEMENTS.
>
> II. BECAUSE PETITIONER GAVE NOTICE OF AN ALIBI DEFENSE
> PETITIONER'S SIXTH AND FOURTEENTH AMENDMENT RIGHTS
> WERE VIOLATED WHERE: THE PROSECUTOR WITHOUT SHOWING
> GOOD CAUSE CALLED TWO WITNESSES NOT ENDORSED ON HIS
> WITNESS LIST AND WHERE: THE TRIAL COURT ERRED IN
> PERMITTING THEM TO TESTIFY.
>
> III. PETITIONER WAS DENIED HIS FOURTEENTH AMENDMENT
> RIGHT TO A FAIR TRIAL WHERE THE TRIAL COURT ADMITTED,
> OVER OBJECTION, OTHER ACTS EVIDENCE CONTRARY TO 404(B)
> WHERE THERE WAS NO NOTICE GIVEN, NO PROPER PURPOSE
> OFFERED, NO LOGICAL RELEVANCE, AND IT WAS MORE
> PREJUDICIAL THAN PROBATIVE.

## II.  Discussion

The instant petition is subject to dismissal because it contains claims that have

not been exhausted with the state courts.  As a general rule, a state prisoner seeking

federal habeas relief must first exhaust his or her available state court remedies before

raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *Picard v. Connor*, 404 U. S.

270, 275-78 (1971); *Foster v. Withrow,* 159 F. Supp. 2d 629, 638 (E.D. Mich. 2001).

Federal district courts must dismiss mixed habeas petitions which contain both

exhausted and unexhausted claims. *Pliler v. Ford,* 124 S. Ct. 2441, 2445 (2004).

2

*Green v. Howes,* 06-10898

Respondent contends that petitioner's third claim which alleges the ineffective assistance of trial counsel has not been properly exhausted with the state courts, because it was raised for the first time in petitioner's application for leave to appeal before the Michigan Supreme Court.  Petitioner initially appeared to concede this point and moved to amend his petition to delete his third claim.  However, petitioner subsequently filed a motion to expand his motion to amend, in which he appears to argue that he did, in fact, exhaust his ineffective assistance of trial counsel claims by attempting to raise them in a supplemental *pro per* brief that he asked his appellate counsel to file on his behalf, but which was rejected by the Michigan Court of Appeals. Petitioner claims he then raised the ineffective assistance of counsel claims anew in his application for leave to appeal with the Michigan Supreme Court.

The problem with petitioner's argument is that he raised different ineffective assistance of counsel claims in his state appellate court pleadings than he is raising in his petition for writ of habeas corpus.  In both his supplemental brief that he attempted to file with the Michigan Court of Appeals and his application for leave to appeal with the Michigan Supreme Court, petitioner's primary allegation was that his trial counsel was ineffective for failing to file various motions.  By contrast, in his petition for writ of habeas corpus, petitioner claims that counsel was ineffective for failing to investigate and produce several witnesses that would have substantiated petitioner's defenses, for failing to secure the testimony of an alibi witness, and for failing to object to the prosecutor's comments to the jury about petitioner's failure to produce his alibi witness.

3

*Green v. Howes,* 06-10898

The federal courts do not consider a claim in a habeas petition that was not fairly presented to the state courts, and a claim may be considered "fairly presented" only if the petitioner asserted both the factual and legal basis for his claim to the state courts. *McMeans v. Brigano*, 228 F. 3d 674, 681 (6th Cir. 2000). The doctrine of exhaustion requires that the same claim under the same theory be presented to the state courts before it can be raised in a federal habeas petition. *Wong v. Money*, 142 F. 3d 313, 322 (6th Cir. 1998). Petitioner's ineffective assistance of counsel claims are unexhausted, because these claims were never presented to the state courts. A habeas petitioner is required to present to the state courts "the same specific claims of ineffective assistance [of counsel] made out in the habeas petition." *Wyldes v. Hundley,* 69 F. 3d 247, 253 (8th Cir. 1995)(*quoting Tippitt v. Lockhart,* 903 F. 2d 552, 554 (8th Cir. 1990). Although petitioner in his supplemental brief before the Michigan Court of Appeals and in his application for leave to appeal before the Michigan Supreme Court alleged in a conclusory fashion that his counsel failed to investigate or interview several witnesses on petitioner's behalf for the purpose of providing relevant and material testimony, petitioner never named the witnesses, specified the content of their testimony, or offered any argument as to why their testimony would have been favorable to petitioner. In particular, petitioner did not allege in his state court pleadings that his trial counsel failed to present an alibi witness on his behalf.

The full and fair presentment of claim in state court, as a prerequisite for seeking federal habeas review, requires more than a mere passing reference to the constitutional issue; instead, the petitioner must have placed both the operative facts

4

*Green v. Howes,* 06-10898

and the controlling legal principles before the state courts. *See U.S. ex rel. Blottiaux v. McAdory,* 264 F. Supp. 2d 704, 708 (N.D. Ill. 2003).  Because petitioner's ineffective assistance of counsel claim involving the failure to call witnesses was raised in only a conclusory fashion, this would be insufficient to satisfy the exhaustion requirement. *See e.g. Hammock v. Walker,* 224 F. Supp.2d 544, 548 (W.D.N.Y. 2002).

Thus, because the ineffective assistance of counsel claims that are raised in the petition for writ of habeas corpus are different than the ineffective assistance of counsel claims presented during petitioner's direct appeals process, these claims have not been fairly presented to the state courts. *See Caver v. Straub,* 349 F. 3d 340, 346-47 (6th Cir. 2003)(*citing to Pillette v. Foltz,* 824 F. 2d 494, 497 (6th Cir. 1987)); *Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

The Court notes that petitioner initially moved to amend his petition to delete his ineffective assistance of counsel claims.  Although a habeas petitioner has a right to amend a petition containing both exhausted and unexhausted claims in order to remove unexhausted claims, *See e.g. James v. Giles*, 221 F. 3d 1074, 1077 (9th Cir. 2000), the Court declines to do so here for several reasons.

First, petitioner's motion to amend was based on his concession that his ineffective assistance of counsel claims were unexhausted.  However, in his subsequently filed request to expand the motion to amend, petitioner changed his position and argued that his ineffective assistance of counsel claims were, in fact, exhausted.  In light of this argument, it is unclear whether petitioner wishes to amend his petition to delete his ineffective assistance of counsel claims.

5

*Green v. Howes,* 06-10898

Secondly, a district court should only offer a petitioner a choice to amend his habeas petition to delete his unexhausted claims when a stay of the petition pending the petitioner's return to the state courts is unwarranted. *See Thompson v. Secretary for Dept. of Corrections,* 425 F. 3d 1364, 1366 (11th Cir. 2005).  For the reasons stated below, the Court believes that it would be appropriate to stay the petition and hold it in abeyance to allow petitioner to return to state courts to exhaust his ineffective assistance of counsel claims.

Finally, some of petitioner's ineffective assistance of counsel claims, particularly his claim that counsel failed to call an alibi witness on his behalf, may be meritorious.

Petitioner has an available state court remedy with which to exhaust his claims. Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500. *See Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004).  Petitioner could therefore exhaust his claims by filing a post-conviction motion for relief from judgment with the Macomb County Circuit Court under M.C.R. 6.502.  A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (c). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

6

*Green v. Howes,* 06-10898

The Court is concerned that in dismissing the current petition outright, there is the possibility that petitioner might be prevented under the AEDPA's one year statute of limitations contained within 28 U.S.C. § 2244(d)(1) from re-filing a petition for writ of habeas corpus following the exhaustion of his claims in the state courts.  A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002).       A federal district court thus has the discretion to stay a mixed habeas petition containing exhausted and unexhausted claims in order to allow the petitioner to present his unexhausted claims to the state courts in the first instance, and then to return to the federal district court for habeas review of his or her completely exhausted petition. *See Rhines v. Weber,* 125 S. Ct. 1528, 1532-36 (2005).  However, even where it is appropriate to stay the habeas petition and hold it in abeyance pending exhaustion in the state courts, because of the timeliness concerns reflected in the AEDPA, a mixed habeas petition should not be stayed indefinitely. *Id.* at 1535. Therefore, district courts should place reasonable time limits on a petitioner's return to state court and back. *Id.*  The Supreme Court indicated that "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  In such circumstances, the district court should stay, rather than dismiss, the mixed petition." *Id.* at 1535.

7

*Green v. Howes,* 06-10898

The Supreme Court has not yet defined what would constitute good cause for purposes of staying a mixed habeas petition and holding it in abeyance pending the exhaustion of claims in the state courts.  However, ineffective assistance of counsel may establish cause to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000).  In this case, petitioner claims that his appellate counsel was ineffective for failing to raise on direct appeal his ineffective assistance of trial counsel claims.

On remand from the United States Supreme Court, the federal district court in *Rhines* held that the ineffective assistance of post-conviction counsel constituted "good cause" for petitioner's failure to exhaust claims in the state court proceedings, so as to justify holding the petition in abeyance while the petitioner returned to the state courts to exhaust the claims. *Rhines v. Weber*, 408 F. Supp. 844, 848-49 (D.S.D. 2005).  Another judge in this district has twice found that an appellate counsel's alleged ineffective assistance for failing to raise a claim on a habeas petitioner's direct appeal constituted good cause to justify holding the petition in abeyance pending the petitioner's return to the state courts. *See Boyd v. Jones,* 2005 WL 2656639, * 4 (E.D. Mich. October 14, 2005); *Martin v. Warren,* 2005 WL 2173365, * 2 (E.D. Mich. September 2, 2005).  This Court likewise agrees that appellate counsel's failure to raise petitioner's ineffective assistance of trial counsel claims on petitioner's direct appeal constitutes good cause for his failure to exhaust these claims with the state courts.  Furthermore, petitioner's claims do not appear plainly meritless.

8

*Green v. Howes,* 06-10898

In order to avoid petitioner being time-barred from seeking habeas relief following his return to the state courts, the Court will hold the present petition in abeyance for 60 days and will allow petitioner to return to the state courts to seek post-conviction relief, in which case the Court will hold the present petition in abeyance.  This tolling is conditioned upon petitioner initiating his state post-conviction remedies within sixty days of receiving this Court's order and returning to federal court within sixty days of completing the exhaustion of his state court post-conviction remedies. *See e.g. Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

### III.  ORDER

Accordingly, it is **ORDERED** that petitioner may file a motion for relief from judgment with the state court within **sixty (60) days of receipt of this Court's order.**  If petitioner fails to file a motion for relief from judgment with the state courts by that date**,** the Court will dismiss the present petition without prejudice.

If petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court.  The case shall then be held in abeyance pending the petitioner's exhaustion of the claims.  The petitioner shall re-file his habeas petition within 60 days after the conclusion of the state court post-conviction proceedings.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only.  Nothing in this order or in the related

9

*Green v. Howes,* 06-10898

docket entry shall be considered a dismissal or disposition of this matter.   The pending

motions are denied without prejudice.


                              s/Arthur J. Tarnow
                              Arthur J. Tarnow
                              United States District Judge

Dated:  January 26, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of
record on January 26, 2007, by electronic and/or ordinary mail.

                              s/Catherine A. Pickles
                              Judicial Secretary

10