UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLEN BERNARD GREEN,

    Petitioner,                                    CASE NO. 06-CV-10898

v.                                                 HONORABLE ARTHUR J. TARNOW

THOMAS K. BELL,

    Respondent.
_____/

**<u>OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY</u>**

Glenn Bernard Green, ("Petitioner"), presently residing in Highland Park, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for witness intimidation, M.C.L.A. 750.122(7). [1] For the reasons stated below, the petition for writ of habeas corpus is DENIED.

---

[1] The Michigan Department of Corrections' [M.D.O.C.] Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that petitioner was discharged from his sentence on April 19, 2011 and is no longer in custody. Petitioner has also provided this Court information which indicates that he has been discharged from parole. The language of §§ 2241(c)(3) and 2254(a) require that a habeas petitioner be "in custody" under the conviction or sentence under attack at the time that a habeas petition is filed in the federal court. *See Maleng v. Cook ,* 490 U.S. 488, 490-91 (1989). Whether a petitioner is in custody for purposes of the habeas corpus statute is determined at the time that the petition is filed. *Sevier v. Turner*, 742 F. 2d 262, 268 (6th Cir. 1984). Because petitioner was in prison at the time he filed his petition, he satisfies the "in custody" requirement of §§ 2241(c)(3) and 2254(a), in spite of his subsequent discharge. Once federal jurisdiction has attached to a habeas petition in federal district court, "it is not defeated by the release of the petitioner prior to completion of proceedings" on his or her habeas application. *Carafas v. LaVallee,* 391 U.S. 234, 238 (1968).

*Green v. Bell,* U.S.D.C. No. 06-CV-10898

## I. Background

Petitioner was convicted following a jury trial in the Macomb County Circuit Court. Petitioner's conviction arose from an incident that took place in the early morning hours of May 2, 2002. The facts leading to petitioner's conviction are recited verbatim from the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> The victim and defendant were engaged to be married, but the relationship ended after a domestic violence incident occurred, in which defendant attacked the victim and fractured her face. Defendant was charged with aggravated domestic assault, MCL 750.81(a). The victim was subpoenaed to testify against him at trial. However, beginning at 5:00 a.m. on the morning of trial, the victim received three or four phone calls from defendant, threatening to kill her if she testified. Despite these threats, the victim appeared for court to testify that morning. Defendant never appeared, and a bench warrant was issued for his arrest. A bench trial was ultimately conducted, and defendant was convicted of aggravated domestic assault.
>
> On the date of the initial assault trial, the victim received additional threatening phone calls after returning home from court. Defendant remarked to her that he was "going to get her," and that "couldn't nobody stop him." The victim became scared and reported these threatening calls to the police. Defendant was charged with witness intimidation under MCL 750.122(7)(c) for making the threatening phone calls. A preliminary examination was conducted, and a jury convicted him of the offense. This appeal follows.

*People v. Green,* No. 247395, * 1 (Mich.Ct.App. July 8, 2004).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 472 Mich. 877, 693 N.W.2d 819 (2005).

Petitioner originally filed a petition for writ of habeas corpus on February 28, 2006. Respondent moved to dismiss the petition on the ground that the petition

*Green v. Bell,* U.S.D.C. No. 06-CV-10898

contained claims that had not been exhausted with the state courts. In *lieu* of dismissing the petition without prejudice, this Court held the petition in abeyance so that petitioner could return to the state courts to exhaust his additional claims. *Green v. Howes*, No. 2007 WL 216136 (E.D. Mich. January 26, 2007).

Petitioner filed a post-conviction motion for relief from judgment with the Macomb County Circuit Court, which was denied. *People v. Green,* No. 2002-2070-FH (Macomb County Circuit Court, July 5, 2007). The Michigan Court of Appeals dismissed petitioner's application for leave to appeal as untimely, because it had not been filed within one year of the post-conviction motion being denied by the trial court, as required by M.C.R. 7.205(F)(3). *People v. Green,* No. 289105 (Mich.Ct.App. February 3, 2009). The Michigan Supreme Court denied petitioner leave to appeal. *People v. Green,* 485 Mich. 891; 772 N.W.2d 411 (2009).

On November 20, 2009, petitioner filed an amended petition for writ of habeas corpus, along with a request to reopen his case. On December 4, 2009, this Court reinstated the petition to the Court's active docket, amended the caption, and granted petitioner permission to file an amended petition for writ of habeas corpus. In his amended petition, petitioner seeks habeas relief on the following grounds:

> I. Petitioner was denied his federal and state constitutional right to the effective assistance of counsel when trial counsel failed to:
>
> A. Investigate and present a viable alibi defense.
> B. Call other favorable defense witnesses.
> C. Object to prejudicial prosecutorial statements.
>
> II. Petitioner was denied his Fourteenth Amendment right to a fair trial when the trial court admitted other acts evidence over defense objection, which

*Green v. Bell,* U.S.D.C. No. 06-CV-10898

was admitted contrary to 404(b) where there was no notice given, the evidence lacked logical relevance, and any probative value was outweighed by the potential for undue prejudice.

III.  Petitioner was denied his federal and state constitutional right to the effective assistance of counsel on direct appeal when appellate counsel failed to raise meritorious claims in his appeal of right.

## II. Standard of Review

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

*Green v. Bell,* U.S.D.C. No. 06-CV-10898

Recently, in *Harrington v. Richter*, 131 S. Ct. 770 (2011), the United States Supreme Court stated: "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 131 S. Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). The Court further stated:

> Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Harrington*, at 786–87 (internal citation omitted).

A federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360–61 (6th Cir. 1998).

### III. Discussion

**A. The statute of limitations issue.**

As part of her answer, respondent's counsel contends that the petition for writ of habeas corpus should be dismissed as being untimely because it was not filed in compliance with the Antiterrorism and Effective Death Penalty Act's (AEDPA) statute of limitations found in 28 U.S.C.§ 2244(d)(1). Respondent notes that when petitioner filed his first petition for writ of habeas corpus, 245 days had already elapsed under the one

5

*Green v. Bell,* U.S.D.C. No. 06-CV-10898

year limitations period. Respondent notes that although petitioner promptly returned to the Macomb County Circuit Court to file his motion for relief from judgment after his petition was held in abeyance, petitioner did not file an appeal within one year of the trial court's denial of the motion for relief from judgment, as required by M.C.R. 7.205(F). Respondent argues that any tolling of the limitations period pursuant to 28 U.S.C. § 2244(d)(2) would have ended, at the latest, on July 5, 2008, when the one year period for filing an application for leave to appeal with the Michigan Court of Appeals expired. Because petitioner did not file his request to reopen his habeas petition until more than one year later on November 20, 2009, the petition is untimely.

Although petitioner does not specifically address the statute of limitations in his petition or in his reply brief, in his application for leave to appeal to the Michigan Court of Appeals, petitioner alleged that he did not receive a copy of the trial court's decision denying his motion for relief from judgment until September 23, 2008. If such were the case, petitioner might be entitled to equitable tolling. The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The AEDPA's statute of limitations can be equitably tolled based upon a petitioner's failure to receive a court order or decision where the petitioner can adequately demonstrate that he did not receive a copy of the court decision and that he acted

6

*Green v. Bell,* U.S.D.C. No. 06-CV-10898

diligently to protect his rights both before and after receiving a copy of the decision. *See Miller v. Collins,* 305 F. 3d 491, 495-96 (6th Cir. 2002). [2]

Because the statute of limitations does not constitute a jurisdictional bar to habeas review, a federal court, can, in the interest of judicial economy, proceed to the merits of a habeas petition. *See Smith v. State of Ohio Dept. of Rehabilitation,* 463 F. 3d 426, 429, n. 2 (6th Cir. 2006)(quoting *Trussell v. Bowersox,* 447 F. 3d 588, 590 (8th Cir. 2006)). Simply put, this Court need not resolve the dispute over the timeliness of petitioner habeas application. Assuming without deciding that the current petition was timely, petitioner's habeas application fails on the merits. *See Ahart v. Bradshaw,* 122 Fed. Appx. 188, 192 (6th Cir. 2005).

**B. The procedural default issue.**

Respondent contends that petitioner's first and third claims are procedurally defaulted, because he raised them for the first time in his post-conviction motion for relief from judgment and failed to show cause for failing to raise these issues in his appeal of right, as well as prejudice, as required by M.C.R. 6.508(D)(3).

---

[2] This Court has read a number of letters sent by petitioner in early September of 2008 to the Clerk of the Macomb County Circuit Court, to Judge Diane M. Druzinski of the Macomb County Circuit Court, and to this Court, in which he indicated that he had yet to receive a copy of the trial court's decision denying the motion for relief from judgment. The Court has also reviewed a letter sent by the Macomb County Circuit Court Administrator to petitioner on September 23, 2008, which acknowledged the possibility that petitioner did not receive a copy of the trial court's decision. (See this Court's Dkt. # 34-3; 34-4). These letters lend credence to petitioner's claim that he did not receive a copy of the trial court's decision in a timely manner.

*Green v. Bell,* U.S.D.C. No. 06-CV-10898

Petitioner claims that his appellate counsel was ineffective for failing to raise his claims in his appeal of right. Ineffective assistance of counsel may establish cause for procedural default. *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). If petitioner could show that he received ineffective assistance of appellate counsel that rose to the level of a Sixth Amendment violation, it would excuse his procedural default for failing to raise his ineffective assistance of trial counsel claims on his direct appeal in the state courts. *Seymour v. Walker*, 224 F. 3d 542, 550 (6th Cir. 2000). Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of petitioner's defaulted claims, it would be easier to consider the merits of these claims. *See Cameron v. Birkett,* 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004). Additionally, petitioner could not have procedurally defaulted his ineffective assistance of appellate counsel claim, because state post-conviction review was the first opportunity that he had to raise this claim. *See Guilmette v. Howes,* 624 F. 3d 286, 291 (6th Cir. 2010).

This Court notes that procedural default is not a jurisdictional bar to review of a habeas petition the merits. *See Trest v. Cain*, 522 U.S. 87, 89 (1997). In addition, "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F. 3d 212, 215 (6th Cir. 2003)(citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. Because "the procedural default issue

8

*Green v. Bell,* U.S.D.C. No. 06-CV-10898

raises more questions than the case on the merits", this Court will assume, for the sake of resolving the claims, that there is no procedural default by petitioner and will decide the merits of the claims. *See Falkiewicz v. Grayson,* 271 F. Supp. 2d 942, 948 (E.D. Mich. 2003)(internal quotation omitted).

### C. Claims # 1 and # 3. The ineffective assistance of counsel claims.

I. Petitioner was denied his federal and state constitutional right to the effective assistance of counsel when trial counsel failed to:

A. Investigate and present a viable alibi defense.
B. Call other favorable defense witnesses.
C. Object to prejudicial prosecutorial statements.

III. Petitioner was denied his federal and state constitutional right to the effective assistance of counsel on direct appeal when appellate counsel failed to raise meritorious claims in his appeal of right.

In his first claim, petitioner alleges that he was deprived the effective assistance of trial counsel. In his third claim, petitioner contends that he was deprived of the effective assistance of appellate counsel.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* In other

*Green v. Bell,* U.S.D.C. No. 06-CV-10898

words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt,* 395 F.3d 602, 617 (6th Cir. 2005).

Petitioner first alleges that trial counsel was ineffective for failing to call Joyce Haynes-Brooks as an alibi witness at his trial. Petitioner has attached to his petition a letter purportedly written by Ms. Haynes-Brooks on December 19, 2001, which would have been before May 2, 2002, the date that petitioner was accused of intimidating the victim, and prior to petitioner's trial, which began on January 28, 2003. In this letter, Ms. Haynes-Brooks claims that she hired petitioner to work on her home beginning on November 16, 2001. Petitioner worked until November 20, 2001 and stopped during the Thanksgiving Holiday, resuming work on November 29, 2001 and continuining until December 8, 2001. The letter indicates that petitioner worked approximately 12 to 14 hours a day rewiring Haynes-Brooks' home during this period.

A defense counsel has no obligation to present evidence or testimony that would not have exculpated the defendant. *See Millender v. Adams,* 376 F. 3d 520, 527 (6th Cir. 2004)(internal quotation omitted). The failure to present a proposed alibi witness who would not lead to a defendant's acquittal does not amount to the ineffective

10

*Green v. Bell,* U.S.D.C. No. 06-CV-10898

assistance of counsel. *Id.* Although petitioner argued in his original habeas petition that Haynes-Brooks would have provided an alibi for the original assault charge, [3] her testimony would not have provided an alibi for May 2, 2002, the date of the witness intimidation. Moreover, even if Haynes-Brooks' testimony might have impeached the victim's testimony that she had been assaulted by petitioner, if would not have impeached her testimony that petitioner had called her in an attempt to intimidate her from testifying against petitioner at the trial for the aggravated assault charge. Petitioner has failed to show that he was prejudiced by counsel's failure to call Ms. Haynes-Brooks at trial.

Petitioner next contends that trial counsel was ineffective for failing to call favorable witnesses on his behalf. In his amended habeas petition, petitioner does not indicate the names of these witnesses or their proposed testimony. In his original habeas petition, petitioner claimed that trial counsel was ineffective for failing to call Ms. Vivian McKenzie as an alibi witness. Petitioner claims that Ms. McKenzie would testify that petitioner was living with her at the time of the witness intimidation and that her address and phone number were different than the address and phone number that the victim claimed that the intimidating telephone calls had originated from. Petitioner testified at his trial that he was living with Ms. McKenzie when the victim claimed that the intimidating telephone calls were made. Although counsel apparently spoke with Ms. McKenzie before trial, he failed to subpoena her for trial and she did not

---

[3] *See* Petition for Writ of Habeas Corpus [Dkt. # 1], p. 8.

11

*Green v. Bell,* U.S.D.C. No. 06-CV-10898

appear to testify on petitioner's behalf. [4] Petitioner further claims in his original petition that trial counsel was ineffective for failing to call Kenya McCord, the victim's sister, to testify that petitioner was not an abusive person, that the victim had a motive for lying, and that the victim continued to call and visit petitioner in jail after he had been charged with witness intimidation. [5]

Petitioner has failed to provide to this Court in his original or amended petitions any affidavits from these witnesses concerning their proposed testimony and their willingness to testify, nor did he provide affidavits from these witnesses in his application for leave to appeal to the Michigan Supreme Court on his direct appeal, in which he attempted to raise this claim for the first time, or in his subsequent post-conviction appeal before the Michigan Court of Appeals or the Michigan Supreme Court. [6]

Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief. *See Workman v. Bell,* 178 F.3d 759, 771 (6th Cir. 1998). By failing to present any evidence to the state courts in support of his ineffective assistance of claim, petitioner is not entitled to an evidentiary hearing on his ineffective assistance of counsel claim with this Court. *See Cooey v. Coyle*, 289 F. 3d 882, 893 (6th Cir. 2002)(citing 28 U.S.C. § 2254(e)(2)(A)(ii)).

---

[4] *See Id.,* pp. 8-10.

[5] *Id.,* p. 10.

[6] *See* Dkts. # 18, 34.

*Green v. Bell,* U.S.D.C. No. 06-CV-10898

Petitioner has failed to attach any offer of proof or any affidavits sworn by the proposed witnesses. Petitioner has offered, neither to the Michigan courts nor to this Court, any evidence beyond his own assertions as to whether the witnesses would have been able to testify and what the content of these witnesses' testimony would have been. In the absence of such proof, petitioner is unable to establish that he was prejudiced by counsel's failure to call these witnesses to testify at trial, so as to support the second prong of an ineffective assistance of counsel claim. *See Clark v. Waller,* 490 F. 3d 551*,* 557 (6th Cir. 2007).

Petitioner lastly contends that trial counsel was ineffective for failing to object to comments made by the prosecutor, which petitioner claims ridiculed petitioner's inability to produce Ms. McKenzie at trial.

Petitioner has cited to two passages in the trial transcript where he claimed that the prosecutor commented on petitioner's failure to produce Ms. McKenzie for trial. A review of the first citation (Tr. III, pp. 60-61) was during defense counsel's direct examination of petitioner and shows no such comments by the prosecutor. The second citation relates to the prosecutor's cross-examination of petitioner, in which the prosecutor began asking petitioner questions about Ms. McKenzie's failure to appear in court to testify on petitioner's behalf. (*Id.* at pp. 81-83). During the questioning, although trial counsel, Mr. Kohler, did not use the word "object", he injected that this was "Argument to the jury"[.], to which the trial court sustained the objection and told the prosecutor to save this for closing argument. (*Id.* at p. 82). When the prosecutor subsequently asked petitioner whether Ms. McKenzie told him that she was not going

13

*Green v. Bell,* U.S.D.C. No. 06-CV-10898

to appear in court and lie for him, trial counsel objected that this was hearsay testimony. (*Id.* at p. 82). The trial judge sustained the objection and told the prosecutor that she was "not going to warn you again. It is not argument." (*Id.* at p. 83).

Because counsel did, in fact, object to the prosecutor's questions, petitioner's last ineffective assistance of trial counsel claim is without merit. *See e.g. Durr v. Mitchell,* 487 F.3d 423, 440 (6th Cir. 2007).

In his third claim, petitioner alleges that appellate counsel was ineffective for failing to raise his ineffective assistance of trial counsel claims on direct appeal. It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. 527, 536 (1986)(quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards,* 281 F. 3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and

*Green v. Bell,* U.S.D.C. No. 06-CV-10898

would have resulted in a reversal on appeal. *See Meade v. Lavigne,* 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

This Court has already determined that petitioner's ineffective assistance of trial counsel claims are without merit. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010); *cert. den .* 131 S. Ct. 1013 (2011)(quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)). Because none of petitioner's ineffective assistance of trial counsel claims have merit, petitioner has failed to show that appellate counsel was ineffective for failing to raise these claims on his appeal of right. Petitioner is not entitled to habeas relief on his ineffective assistance of counsel claims.

### D. Claim # 2. The prior bad acts evidence claim.

II. Petitioner was denied his Fourteenth Amendment right to a fair trial when the trial court admitted other acts evidence over defense objection, which was admitted contrary to 404(b) where there was no notice given, the evidence lacked logical relevance, and any probative value was outweighed by the potential for undue prejudice.

Petitioner next claims that the trial court erred in permitting the prosecution to introduce evidence of the aggravated assault committed by petitioner against the victim at petitioner's witness intimidation trial. Petitioner claims that this evidence was not admitted for a proper purpose under M.R.E. 404(b), but was used merely to show that petitioner was a bad person. Petitioner further claims that the prosecutor did not provide petitioner with proper notice, as required by M.R.E. 404(b)(2), that he would seek to introduce evidence of this assault charge. Petitioner lastly claims that the evidence was more prejudicial than probative.

15

*Green v. Bell,* U.S.D.C. No. 06-CV-10898

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id.* Thus, errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *Seymour v. Walker,* 224 F. 3d at 552.

Petitioner's claim that the state court violated M.R.E. 404(b) by admitting this evidence is non-cognizable on habeas review. *Bey v. Bagley,* 500 F 3d 514, 519 (6th Cir. 2007); *Estelle,* 502 U.S. at 72 (Supreme Court's habeas powers did not permit Court to reverse state court conviction based on their belief that the state trial judge erred in ruling that prior injury evidence was admissible as bad acts evidence under California law); *Dowling v. U.S.*, 493 U.S. 342, 352-53 (1990)(admission at defendant's bank robbery trial of "similar acts" evidence that he had subsequently been involved in a house burglary for which he had been acquitted did not violate due process).

Moreover, underlying criminal charges are admissible to establish a defendant's motivation to obstruct justice or to engage in witness intimidation or tampering. *See e.g. U.S. v. Mullins*, 22 F. 3d 1365, 1373 (6th Cir. 1994); *U.S. v. Mitchell*, 514 F. 2d 758, 762 (6th Cir. 1975). Petitioner is not entitled to habeas relief on his second claim.

**E. A certificate of appealability.**

A habeas petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction.

16

*Green v. Bell,* U.S.D.C. No. 06-CV-10898

[7] 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

The Court will deny a certificate of appealability, because jurists of reason would not find the Court's resolution of the claims to be debatable.

## IV. CONCLUSION

For the reasons stated above, this Court concludes that Petitioner Green is not entitled to federal-habeas relief on the claims presented in his petition.

---

[7] Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.

*Green v. Bell,* U.S.D.C. No. 06-CV-10898

Accordingly, **IT IS ORDERED** that the amended petition for writ of habeas corpus is **DENIED WITH PREJUDICE**. (Dkt. # 30).

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: August 31, 2011

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on August 31, 2011, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary